**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-1505 & 18-2291
_____

MOHAMMAD MUNIR ANWARI,
                                        Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A028-133-415)
Immigration Judge: Walter A. Durling

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 6, 2018

Before: GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 6, 2018)
_____

OPINION*
_____

PER CURIAM

Mohammad Munir Anwari ("Anwari") petitions for review of the Board of

Immigration Appeals' order dated January 30, 2018 denying his application for deferral

of removal under the Convention Against Torture, and the Board's order dated June 1, 2018 denying his motion to reopen removal proceedings. For the reasons that follow, we will deny the petitions for review.

Anwari, a native and citizen of Afghanistan, was admitted into the United States in 2006. On August 15, 2008, he was convicted in the United States District Court for the Eastern District of Virginia of conspiracy to import and distribute 1 kilogram or more of heroin, and conspiracy to possess with intent to distribute 1 kilogram or more of heroin. He was sentenced to a term of imprisonment of 151-188 months. On or about September 27, 2016, Anwari was placed in removal proceedings by the Department of Homeland Security, pursuant to Immigration & Nationality Act ("INA") § 237(a)(2)(B)(i), as an alien who had been convicted of a controlled substance offense after admission; INA § 237(a)(2)(A)(iii), as an alien who had been convicted of a drug trafficking aggravated felony; and INA § 237(a)(2)(A)(iii), as an alien who had been convicted of conspiracy to commit a drug trafficking aggravated felony. The charges were sustained, leaving Anwari eligible to apply only for deferral of removal under the Convention Against Torture, see 8 C.F.R. § 1208.17(a).

On June 26, 2017, the Immigration Judge held a hearing on the merits of Anwari's deferral of removal claim. Anwari, who had legal representation, testified that, before he came to the United States, he worked in a workshop repairing vehicles in Mazar-e-Sharif; the workshop had a contract with the Afghan government. He testified that he had a problem with certain anti-government groups, including Islamic Popular. That group asked him to work for them and he refused. Anwari's counsel asked him if he had had

2

any problems with the Taliban in Afghanistan, and he replied that he had and that the Taliban would harm him in the future because he had worked for the Afghan government. Anwari testified that when he escaped from the city, the Taliban took all of his possessions. He testified further that the Taliban was aware that he had relatives living in the United States and that would cause the Taliban to consider him as an American spy or sympathizer. He testified that, if he were to return to Afghanistan, he possibly would be captured and killed. When asked whether he could expect the government of Afghanistan to protect him, Anwari replied that he thought not because he had never worked directly for the government, and, in any event, the Taliban controlled life outside of the cities. In support of his application, Anwari submitted country conditions evidence.

On June 28, 2017, the IJ denied Anwari's request for deferral of removal under the CAT. Finding Anwari credible, the IJ nonetheless concluded that Anwari's claim was speculative; he had proferred no evidence of past torture and his testimony and written application lacked details and specifics. On appeal to the Board of Immigration Appeals, Anwari's counsel argued that the IJ overlooked the information contained in Anwari's written application and ignored his corroborative evidence; that Anwari was denied a fair hearing because DHS's attorney did not ask him any questions; and that the IJ improperly denied his request for a continuance.

On January 30, 2018, the Board issued its final decision dismissing Anwari's appeal as meritless. The Board agreed with the IJ that Anwari failed to establish that it was more likely than not that he would be tortured in Afghanistan, and concluded that,

3

although the IJ did not specifically refer to Anwari's corroborative evidence, he fully considered Anwari's claims. The Board held that there was no merit to Anwari's argument that he was denied due process, and that the IJ did not err in denying his request for a continuance because he had ample time to prepare for the hearing.[1]

On March 26, 2018, Anwari filed a pro se motion to reopen his removal proceedings with the Board. In his motion to reopen, Petitioner argued that his additional evidence and changed country conditions in Afghanistan warranted reopening. In support of his motion to reopen, Anwari offered his affidavit; a May 8, 2017 letter purporting to be a warning to him from the Security Department, Kunduz Province, that he has been sentenced to death and is under the surveillance of the Taliban; a May 8, 2017 written request from his wife in Afghanistan to the District Representative of Kunduz, to state his views that Anwari is under surveillance by the Taliban and that he has been sentenced to death; a May 9, 2017 letter from technicians vouching for Anwari's work and character; and the 2016 State Department Human Rights report for Afghanistan.

On June 1, 2018, the Board denied Anwari's motion to reopen. The Board held that Anwari failed to show that the additional evidence he sought to submit was new or previously unavailable, or that it reflected materially changed conditions in Afghanistan. The Board gave little weight to the handwritten letters submitted by Anwari, concluding

---

[1] Anwari has not pursued the denial of a continuance issue in his petition for review and thus it is waived. See Laborers Int'l Union of North America, AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in [his] opening brief.").

4

that they were of "essentially unknown reliability." Ultimately, the Board held that Anwari failed a show a realistic chance that he could establish his eligibility for deferral of removal sufficient to warrant reopening the removal proceedings, citing Matter of Coelho, 20 I. & N. Dec. 464, 473 (BIA 1992).

Anwari has petitioned for review of both Board decisions. We have jurisdiction generally under 8 U.S.C. § 1252(a)(1), (b)(1), which provides for judicial review of final orders of removal, as well as orders denying motions to reopen.

We will dismiss the petitions for review to the extent that we lack jurisdiction and deny them to the extent that Anwari raises reviewable claims. Preliminarily, we note that Anwari is not eligible for asylum, 8 U.S.C. § 1158(b)(2)(A)(ii), or withholding of removal, id. at § 1231(b)(3)(B)(ii) and 8 C.F.R. § 1208.16(d)(2) (CAT), because his heroin trafficking conviction, for which he received a sentence of approximately 12½ to 15½ years' imprisonment, constitutes a "particularly serious" crime. Matter of Y-L-, 23 I. & N. Dec. 270, 273 (Op. Att'y Gen. 2002) (explaining that aliens convicted of aggravated felonies and sentenced to at least five years of imprisonment are automatically deemed to have committed a particularly serious crime). See also 8 U.S.C. § 1231(b)(3)(B)(iv)("[A]n alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime."). Anwari's asylum and withholding of removal arguments, see Petitioner's Informal Brief, at 8, 30-40, concern discretionary matters and his statutory ineligibility for these forms of relief and thus we cannot consider them.

5

To qualify for deferral of removal under the CAT, an applicant must show that he is "more likely than not" to be tortured. 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person … when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." Id. at § 1208.18(a)(1). An applicant's eligibility for deferral of removal under the CAT is a factual determination that is ordinarily reviewed for substantial evidence, but because Anwari is subject to removal based on aggravated felony controlled substance convictions, our review is limited to colorable constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C)-(D); Green v. Attorney General of U.S., 694 F.3d 503, 506 (3d Cir. 2012).

To the extent that Anwari challenges the agency's factual determination that he failed to prove a probability of future torture in Afghanistan, we lack jurisdiction to review his claims. The IJ concluded that Anwari did not show, through his testimony and written application, that anything bad would happen to him upon returning to Afghanistan, in part because he had not shown that he had been persecuted in the past, and the Board agreed. This determination is unreviewable. See Kaplun v. Attorney General of U.S., 602 F.3d 260, 271 (3d Cir. 2010). In his brief, Anwari argues that the agency erred in concluding that he was not credible, see Petitioner's Informal Brief, at 16-19, but the IJ found Anwari to be credible. The problem identified by the IJ was not a lack of credibility; rather, it was Anwari's failure to refer to "specific facts sufficient to demonstrate," 8 U.S.C. § 1158 (b)(1)(B)(ii), eligibility for relief under the CAT. Anwari

6

further contends that he "testified in detail about the torture he endured" at the hands of the Taliban *and* the Afghan police, see Petitioner's Informal Brief, at 22, but the record does not support that contention.[2]

Anwari contends in his brief that the agency failed to apply the "more likely than not" standard, see Petitioner's Informal Brief, at 29-30, which is a reviewable legal issue, but the agency explicitly applied that standard in deciding Anwari's CAT claim. Anwari also contends that the agency misconstrued the meaning of "acquiescence," id. at 40-47, but the agency did not base its determination of the issue of acquiescence and did not require Anwari to establish that the Afghan government had actual knowledge of any alleged torturous conduct, see generally Silva-Rengifo v. Attorney General of U.S., 473 F.3d 58, 69 (3d Cir. 2007) (CAT applicant need not show that government possesses actual knowledge of torturous conduct; rather, he can establish governmental acquiescence to torture by demonstrating that government is willfully blind to perpetrator's activities).

Our jurisdiction to review the Board's decision denying Anwari's motion to reopen also is limited to constitutional claims and questions of law. See Cruz v. Attorney General of U.S., 452 F.3d 240, 246-47 (3d Cir. 2006). Anwari does not raise any challenges in his pro se brief to the Board's denial of his motion to reopen; for example, he does not challenge the Board's treatment of some of his evidence as unreliable. In his

---

[2] On the contrary, it was not until Anwari filed his motion to reopen with the Board that he claimed to have been "tied up and beaten with sticks and rifle butts" by the Taliban in 2005 or 2006 and left with three broken ribs; and detained, interrogated, and beaten by the Afghan police who wrongly suspected him of having participated in a terrorist bombing attack in Kunduz. A.R. 17.

motion to reopen, Anwari sought to offer additional evidence in support of his CAT application, but the Board concluded that he failed to show that this evidence was unavailable at the time of his 2017 merits hearing, as required by 8 C.F.R. § 1003.2(c)(1)("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."), and further concluded that conditions in Afghanistan had not worsened in the nine months that elapsed between Anwari's removal hearing and when he filed his motion to reopen.[3] No constitutional or legal errors are apparent in these determinations by the Board.

For the foregoing reasons, we will deny the petitions for review.

---

[3] The 2016 Country Report showed that the Taliban, insurgents, militants, and other antigovernment elements continued to commit acts of violence against government security forces, journalists, citizens, and others in Afghanistan, and that the government of Afghanistan continues to implement measures to combat such violence.